

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| DUNCAN J. MCNEIL,<br>      Plaintiff,<br><br>v.<br><br>UNITED STATES, et al.,<br>      Defendants. | PRISONER CIVIL RIGHTS<br>42 U.S.C. § 1983<br><br>CIVIL ACTION NO.<br>1:05-CV-1633-CAP |

## OPINION AND ORDER

Plaintiff, an inmate at the Spokane County Jail in Spokane, Washington, filed this civil rights action without prepayment of the filing fee, other fees or security therefor. On July 11, 2005, this Court dismissed the action pursuant to 28 U.S.C. § 1915(g), because he had on numerous prior occasions, while incarcerated, brought actions in numerous federal courts that were dismissed as frivolous. [Doc. 2 (citing McNeil v. Whaley, Civil Action No. 2:2004cv00371 (E.D. Wash.); McNeil v. Gregoire, Civil Action No. 2:2004cv00372 (E.D. Wash.); McNeil v. Miller, Civil Action No. 2:2004cv00378 (E.D. Wash.); McNeil v. United States, Civil Action No. 2:2005cv00870 (W.D. Pa.); McNeil v. United States, Civil Action No. 2:2005cv02919 (E.D. Pa.))].

AO 72A
(Rev.8/82)

In his complaint, Plaintiff alleged that the Defendants failed in their statutory duty to enforce and provide full faith and credit to certain "foreign judgments" and that the Defendants have discriminated and retaliated against him.

Plaintiff has now filed a motion for reconsideration, [Doc. 4], a motion for findings, [Doc. 5], an amended complaint, [Doc. 6], a motion for an order granting judicial notice of the "writ of obediance" attached thereto, [Doc. 7], a second amended complaint, [Doc. 8], and an ex parte motion for relief, [Doc. 9]. In his motion for reconsideration, Plaintiff asserts that he is under imminent threat of serious bodily injury because the Defendants have withheld needed medical care and have housed him with maximum security inmates, exposing him to a very high risk of assault.

According to the local rules of this Court:

> Motions for reconsideration shall not be filed as a matter of routine practice. Whenever a party or attorney for a party believes it is absolutely necessary to file a motion to reconsider an order or judgment, the motion shall be filed with the clerk of court within ten (10) days after entry of the order or judgment.

L.R. 7.2E, N.D. Ga. As indicated by the language of Rule 7.2E, motions for reconsideration are not to be filed as a matter of course.

> In fact, the term "motion for reconsideration", as such, does not appear in the Federal Rules of Civil Procedure. The title of Fed. R. Civ. P. 60(b), under which a so-called motion for reconsideration may be brought, further attests to its extraordinary nature ("Relief From Judgment or Order--Mistakes; Inadvertence; Excusable Neglect; Newly

2

Discovered Evidence; Fraud, etc.") is "'properly invoked where there are extraordinary circumstances, or where the judgment may work an extreme and undue hardship' . . . ." Mohammed v. Sullivan, 866 F.2d 258, 260 (8th Cir. 1989) (quoting Matarese v. LeFevre, 801 F.2d 98, 106 (2d Cir. 1986), cert. denied, 480 U.S. 908, 107 S. Ct. 1353, 94 L. Ed. 2d 523 (1987)). A motion for reconsideration is not an opportunity for the moving party and their counsel to instruct the court on how the court "could have done it better" the first time. Rather, the motion should be reserved for certain limited situations, namely the discovery of new evidence, an intervening development or change in the controlling law, or the need to correct a clear error or prevent a manifest injustice. See, e.g., Kern-Tulare Water District v. City of Bakersfield, 634 F. Supp. 656, 665 (E.D. Cal 1986), aff'd. in part and rev'd. in part, 828 F.2d 514 (9th Cir. 1987), cert. denied, 486 U.S. 1015, 108 S. Ct. 1752, 100 L. Ed. 2d 214 (1988).

Preserve Endangered Areas of Cobb's History, Inc. v. U.S. Army Corps of Engineers, 916 F. Supp. 1557, 1560 (N.D. Ga. 1995).

If a prisoner alleges that he "is under imminent danger of serious physical injury," 28 U.S.C. § 1915(g), the Court must allow the prisoner to proceed in forma pauperis. However, not all such allegations will automatically entitle a prisoner to in forma pauperis status. Conclusory assertions that defendants are trying to kill the Plaintiff, for example, are not sufficient to establish an imminent danger of serious physical injury. See Brown v. Johnson, 387 F.3d 1344, 1350 (11th Cir. 2004) (discussing Eighth Circuit's holding in Martin v. Shelton, 319 F.3d 1048 (8th Cir. 2003)).

In this instance, Plaintiff's allegations of "imminent danger of serious physical injury" are conclusory and do not relate to the substance of his complaint in which he alleges an entitlement to have certain foreign judgments enforced in his favor. Moreover, because Plaintiff is incarcerated in Spokane, Washington, this Court lacks personal jurisdiction over the individuals who allegedly pose a serious threat to Plaintiff.

Additionally, this Court takes judicial notice of the attached order, entered on August 9, 2005, by the Honorable Alan A. McDonald, Senior United States District Judge for the Eastern District of Washington, in <u>McNeil v. United States</u>, Case No. CV-05-211-AAM, in which order Judge McDonald discusses Plaintiff's extreme litigiousness and notes that Plaintiff has filed lawsuits in at least 70 different federal judicial districts. As a copy of this order has been sent to every federal district court in the United States, which courts will likely treat any future petitions that he files with a high degree of skepticism, perhaps it is time for Plaintiff to channel his efforts to more productive endeavors.

## Conclusion

For the foregoing reasons, Plaintiff's motions, [Docs. 4, 5, 7, and 9], are hereby **DENIED**.

4

The Clerk is **DIRECTED** not to file any more pleadings in this action. If Plaintiff submits further pleadings, they shall be returned to Plaintiff. If Plaintiff wishes to pursue this matter further, he should direct those efforts to the United States Court of Appeals for the Eleventh Circuit.

The Court now prospectively **CERTIFIES** that any appeal Plaintiff may file in this action is not taken in good faith. Leave to proceed in forma pauperis on appeal is therefore **DENIED** pursuant to 28 U.S.C. § 1915(a)(2).

**IT IS SO ORDERED** this 20 day of Oct, 2005.

_____
CHARLES A. PANNELL, JR.
UNITED STATES DISTRICT JUDGE

AO 72A
(Rev.8/82)